UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08CR496 CEJ |
| ) | (FRB) |
| WYNSLEEN K. ELLEGOOD, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM, ORDER,
REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). The defendant Wynsleen K. Ellegood filed several pretrial motions which are addressed herein.

1. <u>Motion For Bill Of Particulars</u> (Docket No. 70)

The purpose of a bill of particulars is to apprise the defendant of the nature of the charges against her and to prevent undue surprise at trial. <u>United States v. Miller</u>, 543 F.2d 1221, 1224 (8th Cir. 1976), <u>cert. denied</u>, 429 U.S. 1108 (1977). However, a bill of particulars is not a proper vehicle by which to seek to obtain names of witnesses, evidentiary detail or the government's theory of the case. <u>United States v. Largent</u>, 545 F.2d 1039 (6th Cir. 1976); <u>United States v. Matlock</u>, 675 F.2d 981, 986 (8th Cir. 1982). The indictment in this case is sufficiently precise that it informs the defendant of the charge against her to enable her to prepare a defense, to avoid the danger of surprise at trial, and to

plead her acquittal or conviction as a bar to further prosecution on the same offense. <u>Wong Tai v. United States</u>, 273 U.S. 77 (1927).

The defendant in her motion notes that several of the allegations in the indictment refer to the "defendants" collectively as committing the offenses alleged. She requests that the government be required to state whether she is the (or a) defendant referred to in these allegations. She further avers that without such information she will be unable to assist in her defense and be informed of the charges against her.

The indictment sets out in detail the offenses alleged. Count 1 of the indictment alleges that each of the defendants conspired and agreed with each other to commit various acts. Each of the counts also alleges that the violation alleged was committed in violation of a cited substantive statute and in violation of Section 2, Title 18, United States Code. Thus, a fair reading of the indictment would show that each of the defendants is alleged to have committed the offenses alleged, either individually, or by conspiring with, or aiding and abetting, other defendants in so doing. Thus the indictment gives fair and ample notice to the defendant of the charges made against her.

In her motion the defendant also requests that the government be required to give her notice "as to what proof the government has that the defendant 'knew' or did things 'knowingly'." This is precisely the kind of evidentiary detail that is not properly the subject of a bill of particulars.

Further, in its response to the defendant's motion the government notes that substantial discovery has been provided to the defendant in the form of written documents underlying the various charges. Such disclosure also obviates the need for a bill of particulars. United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979); United States v. Kilroy, 523 F.Supp. 206, 211 (D.Wis. 1981).

Therefore, the defendant's motion should be denied.

2. <u>Defendant's Motion For Severance</u> (Docket No. 72); and
3. <u>Defendant's Supplemental Motion For Severance</u>
    (Docket No. 84)

In her motions the defendant seeks a separate trial from her co-defendants. As grounds for her motion she avers that her husband/co-defendant James Ellegood made incriminating statements which the government intends to offer in evidence at trial and that the defendant Wynsleen Ellegood will be prejudiced thereby "as the jury will be unable to separate Defendant from her husband"; that co-defendants James Ellegood and Rajitha Goli have prior felony convictions and that the introduction of evidence of those convictions in a joint trial will prejudice the defendant; and that cautionary jury instructions will be insufficient to cure any prejudice to this defendant resulting from the introduction of evidence relating to other defendants. She also avers, in her supplemental motion, that she wishes to call co-defendant Harold (James) Ellegood as a witness at trial. She further avers that "[S]he is the wife of co-defendant Harold Ellegood and she was employed by him. Wynsleen Ellegood requires the testimony of her husband to establish that she did not have knowledge of nor did she

participate in any intentional fraud. The nature of Harold's testimony would be that Wynsleen performed her duties as instructed by her employer and Defendant submits that Harold Ellegood will indeed testify for her at a separate trial."

The defendant is charged with conspiring with, and aiding and abetting, her co-defendant in the commission of the offenses alleged in the indictment. "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). "Joint trials play a vital role in the criminal justice system. They promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Id. (internal citations and quotations omitted). A joint trial gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome. United States v. Darden, 70 F.3d 1507, 1528 (8th Cir. 1995), cert. denied, 517 U.S. 1149 (1996)(Quoting United States v. Buljubasic, 808 F.2d 1260, 1263 (7th Cir.), cert. denied, 484 U.S. 815 (1987)).

A defendant is not entitled to a separate trial merely because evidence is admissible against other defendants that is not otherwise admissible against her, and that such evidence might "overflow" onto her. United States v. Jackson, 549 F.2d 515, 525 (8th Cir.), cert. denied, 430 U.S. 985 (1977); United States v. O'Meara, 895 F.2d 1216, 1219 (8th Cir.), cert. denied, 498 U.S. 943 (1990). The risk of prejudice resulting from such circumstances

"is best cured by careful and thorough jury instructions". United States v. Delpit, 94 F.3d 1134, 1144 (8th Cir. 1996).

In her motion the defendant avers that, "Extra-judicial statements made by a co-defendant inculpating Defendant would violate the rule set forth in Bruton v. United States, 391 U.S. 123 (1968) and would not be admissible in Defendant's own trial." The Supreme Court held in Bruton that a defendant is deprived of the right to confront witnesses against her when the statement of a co-defendant which incriminates the defendant is admitted in evidence at a joint trial. "Bruton does not, however, require the exclusion of all statements made by a co-defendant. If a co-defendant's [statement] does not incriminate the defendant on its face, but does so only when linked to additional evidence, it may be admitted if a limiting instruction is given to the jury and the defendant's name is redacted from the [statement]. Bruton does not apply at all if the co-defendant's statement does not incriminate the defendant." United States v. Flaherty, 76 F.3d 967, 972 (8th Cir. 1996).

The statements of James Ellegood which the government intends to offer in evidence do not mention, name, refer to, implicate or incriminate defendant Wynsleen Ellegood in any way.[1]

---

[1]The statements of James Ellegood were the subject of a Motion To Suppress filed by James Ellegood. A written copy of the (oral) statements were offered in evidence at the hearing on that motion as Government's Motion Hearing Exhibit 1. Evidence adduced at the hearing indicated that the statements were made by James Ellegood during the execution of a search warrant at the residence /work place of James and Wynsleen Ellegood. the substance of the statements in their entirety are as follows:

Therefore, the holding in Bruton does not apply and does not serve as a basis for a separate trial in this case.

The defendant claims that she should be granted a separate trial because she wishes to call James Ellegood at her trial, that James Ellegood will testify at a separate trial[2], and that the "nature" of his testimony would be that, "Wynsleen performed her duties as instructed by her employer." In order to obtain a severance based on such grounds the defendant must show that she would call the co-defendant at a separate trial, that the co-defendant would testify, and that the co-defendant's testimony would be exculpatory. United States v. Voss, 787 F.2d 393, 401 (8th Cir.), cert. denied, 479 U.S. 888 (1986); United States v. Blaylock, 421 F.3d 758, 766 (8th Cir. 2005). The defendant has not met this burden. Although she makes these averments in her motion, she has not submitted an affidavit from James Ellegood attesting to these matters. See United States v. Caspers, 736 F.2d 1246, 1248 (8th Cir. 1984); United States v. Jackson, 549 F.2d 517, 524 (8th Cir.), cert. denied, 430 U.S. 985 (1977). Nor is it altogether

---

"I over-billed Medicare because I wasn't there with the Nurse Practitioners. This is a criminal offense. Over-billing Medicare is a criminal offense."

Evidence at the hearing was that Wynsleen Ellegood was present when James Ellegood made these statements and told James to be quiet after he made these statements. (See Memorandum, Report and Recommendation as to James Harold Ellegood filed January 29, 2009, Docket No. 101).

[2]Significantly, she does not aver that James Ellegood will not testify at a joint trial, or refuse to testify if she calls him as a witness at a joint trial.

clear that the supposed evidence to be offered by James Ellegood is necessarily exculpatory. Evidence that a defendant was performing duties as instructed by a superior (the so-called <u>Nuremberg</u> defense) is not necessarily exculpatory. It would not be unusual in a conspiracy case that one co-conspirator would be acting on instructions from another. Indeed such evidence is commonplace in conspiracy cases. The bare assertion that James Ellegood would testify that Wynsleen Ellegood "performed her duties as instructed by her employer" is not, in and of itself, sufficient to show that the co-defendant's testimony was exculpatory so as to require a separate trial.

Therefore, the defendant's motions should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Wynsleen K. Ellegood's Motion For Bill of Particulars (Docket No. 71) is denied.

**IT IS HEREBY RECOMMENDED** that defendant Wynsleen K. Ellegood's Motion For Severance (Docket No. 72); and Supplemental Motion For Severance (Docket No. 84) be denied.

The parties are advised that they have to and including **February 10, 2009,** in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of January, 2009.